# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| STATE HUMAN RELATIONS | : | |
| COMMISSION ex rel. THEODORA | : | C.A. No: K13C-01-007 RBY |
| BUTLER | : | |
| | : | |
| _____Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARY FIELD and DELAWARE | : | |
| COMMUNITY MANAGEMENT, LLC, | : | |
| | : | |
| Defendants. | : | |

*Submitted: November 19, 2014*
*Decided: January 15, 2015*

***Upon Consideration of Plaintiff's***
***Motion in Limine***
**DENIED**

**ORDER**

Oliver J. Cleary, Esquire, Department of Justice, Wilmington, Delaware for Plaintiff.

Michael P. Morton, Esquire, Greenville, Delaware for Defendants.

Young, J.

## SUMMARY

The factual basis giving rise to this entire matter was described in the Order determining a Motion for Summary Judgment herein filed on January 14, 2014. Those facts are adopted by reference here.

## DISCUSSION

By her Motion in Limine, Plaintiff now seeks to exclude two pieces of evidence, both relating to her sense of humor. The first consists of alleged email exchanges between herself and Ms. Schafer, in which she sent jokes similarly tasteless to the ones forming the basis of this lawsuit. In particular, Plaintiff points to an email, purported to have originated from her email account, recounting a barb involving a Catholic Priest and a Nun. The second category of evidence Plaintiff attempts to exclude, is any reference to the type of comedians she enjoys. Specifically, Plaintiff highlights an answer she gave in her deposition that she is a fan of the comedians Tracy Morgan and Chris Rock.

Plaintiff supposes that Defendants will use the evidence of her sense of humor to malign her character. According to Plaintiff, this evidence, if offered, would be impermissible character evidence, as it does not fall under one of the D.R.E. exceptions. Specifically, Plaintiff argues that the email containing the Catholic joke, as well as her deposition testimony, do not speak to her character for truthfulness or untruthfulness, as called for by D.R.E. 609(a)(1) and (b)(1).[1] Aside from these

---

[1] D.R.E. 609(a)(1) provides in relevant part, that the credibility of a witness may be attacked in the limited circumstance that "the evidence may refer to character for truthfulness or untruthfulness." D.R.E. 609(b)(1) provides in relevant part, that specific instances of conduct pertaining to character "may...if probative of truthfulness or untruthfulness, be inquired into on

exceptions, D.R.E. 608(b) forbids extrinsic evidence of character.[2]

Plaintiff additionally makes a relevance objection, under D.R.E 401, to the sense of humor evidence. Formulated rather vaguely, Plaintiff contends that the alleged Catholic joke email and her preference in comedians are irrelevant to the matters at the heart of the case. Plaintiff avers that her lawsuit concerns the actions of DCM in not responding to her Complaint – this is the discrimination alleged – not the joke sent by Ms. Schafer. Plaintiff further argues that the admission of the evidence will serve to confuse and mislead the jury. Plaintiff portends that the jury will think that the case is about the joke, rather than DCM's purported failure to address Plaintiff's concerns adequately. As per Plaintiff, the Court should, pursuant to D.R.E. 403, rule against the admissibility of said evidence.

Defendants respond by vehemently asserting that Plaintiff's sense of humor is, in fact, at the core of the case. The relevancy is said to be almost self-apparent. This is an appropriate characterization. Plaintiff formulates her suit as a disparate treatment and disparate impact claim. The significance of this is that disparate treatment claims require a showing of discriminatory intent.[3] The bulk of Defendants' counter argument is, that far from a discriminatory impetus, they did not act upon Plaintiff's

---

cross examination of the witness (1) concerning the witnesses' character for truthfulness or untruthfulness..."

[2] D.R.E 609(b) provides in relevant part: "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility...may not be proved by extrinsic evidence."

[3] *Fair Housing of the Dakotas, Inc. v. Goldmark Property Management, Inc.*, 778 F.Supp.2d 1028, 1037 (D.N.D. 2011)("[p]roof of discriminatory purpose is crucial for a disparate treatment claim").

Complaint, because they felt that the two emailing pen-pals had resolved the matter on their own. Plaintiff's sense of humor is directly relevant to this point. Defendants do not seek to admit this evidence to assail Plaintiff's character, but rather to dispute that there was a conflict that required intervention. Furthermore, the existence of a discriminatory intent is a question to be resolved by the jury. Such evidence as the email containing the Catholic joke or Plaintiff's taste in comedy are appropriate in order for the jury to make credibility determinations, regarding Defendants' true motive for not taking remedial action. \To exclude this evidence would leave the jury with a one-sided perspective of the event. Rather than mislead the jury, this evidence will provide a more holistic view.

## CONCLUSION

Evidence of the Plaintiff's taste in comedy is central to the issues raised by this case. Indeed, the origin of this suit is rooted in comedic undertakings. To exclude this evidence would do disservice to the men and women of the jury, who will ultimately weigh the facts of this matter. Thus, Plaintiff's Motion in Limine is **DENIED**.

**IT IS SO ORDERED**.

<u>        /s/ Robert B. Young        </u>
J.


RBY/lmc
oc:    Prothonotary
cc:    Counsel
       Opinion Distribution
       File